IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00298-DSC

| MICHAEL PACIELLO, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #16) and Defendant's "Motion for Summary Judgment" (document #18), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

### I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on October 19, 2020. He assigns error to the Administrative Law Judge's formulation of his Residual Functional Capacity.[1] Specifically he assigns error to the ALJ's failure to cite the governing regulations, his evaluation of the opinions from Plaintiff's treating physician Dr. Jacob Mills and Susan Stone L.P.C.S, and his failure to discuss all of Plaintiff's alleged impairments. He also assigns error to the ALJ's evaluation of his subjective complaints and symptoms. See Plaintiff's "Memorandum ..." at 5-23 (document #17).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The Court has carefully reviewed the record, the authorities and the parties' arguments. Although the ALJ did not specifically cite SSR96-8p, he clearly considered the functional limitations resulting from Plaintiff's medically determinable impairments. The ALJ engaged in a well-reasoned credibility analysis (Tr. 14-15) as well as a thorough discussion of the medical records. (Tr. 14-20).

Plaintiff assigns error to the ALJ's evaluation of the opinions from Dr. Mills and Ms. Stone. For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors including (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in evaluating the persuasiveness of a medical source's opinion. The Commissioner is not required to explain consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

The ALJ found Dr. Mills' opinion inconsistent with Plaintiff's reports of daily activities, particularly that he continued to pursue his hobby of fishing. (Tr. 18). The ALJ found Ms. Stone's opinion that Plaintiff would have moderate difficulty interacting with others to be inconsistent with the lack of any evidence of social abnormalities. The ALJ explained why the opinions of the State Agency consultants were persuasive.

The ALJ found that Plaintiff had the RFC to perform:

light work as defined in 20 CFR 404.1567(b) except he can sit up to six hours in an eight-hour day, stand/walk up to six hours in an eight-hour day, and frequently push/pull with the lower extremities. He can frequently climb ramps and stairs,

> kneel, crouch, and crawl and occasionally climb ladders, ropes, or scaffolds, balance, and stoop. He must also avoid concentrated exposure to hazards.

(Tr. 14). The ALJ included those limitations in the hypothetical he posed to the V.E. (Tr. 63). The ALJ applied the correct legal standards. His conclusion that Plaintiff was not disabled and could perform his past relevant work as an information support specialist is supported by substantial evidence.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #16) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: October 27, 2021

David S. Cayer
United States Magistrate Judge